UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10749 NG

| | |
|---|---|
| STEPHEN LUYBEN, ) | MAGISTRATE JUDGE RBC |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| UNUM LIFE INSURANCE CO. OF ) | RECEIPT # |
| AMERICA AND AIDS ACTION ) | AMOUNT $ 150 |
| COMMITTEE, INC. LONG TERM ) | SUMMONS ISSUED ✓ |
| DISABILITY PLAN. ) | LOCAL RULE 4.1 |
| ) | WAIVER FORM |
| Defendants. ) | MCF ISSUED |
| ) | BY DPTY. CLK. 4.0.M |
| | DATE 4-13-04 |

## INTRODUCTION

1. Plaintiff, Stephen Luyben ("Mr. Luyben"), brings this action against Defendants, Unum Life Insurance Company of America ("Unum") and AIDS Action Committee, Inc. Long Term Disability Plan ("Plan"), for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Mr. Luyben is a participant in the Plan, an ERISA welfare benefit plan whose claims administration is handled by Unum. The Plan is fully insured by a policy of insurance issued by Unum. The Plan number is 00327778-0001.

2. This Complaint challenges the Defendants' unlawful denial of Mr. Luyben's long term disability ("LTD") income benefits despite the substantial medical evidence demonstrating Mr. Luyben's qualifications for said benefits, and thereby depriving Mr. Luyben of the appropriate LTD benefits due him under the Policy.

1

3. Mr. Luyben is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify rights under the terms of the Plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4. This court has personal and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5. Mr. Luyben is a 60-year-old individual who currently resides in Somerville, Massachusetts. Mr. Luyben is a vested participant in a AIDS Action Committee, Inc. ("AIDS Action") employee benefit plan, within the meaning of 29 U.S.C. § 1002(2)(7). Mr. Luyben has standing to bring this action under 29 U.S.C. § 1132(a).

6. The defendant, Unum, is a for-profit corporation with its principal place of business at 2211 Congress Street, Portland, Maine. Unum transacts business in Massachusetts and underwrites the Plan under which Mr. Luyben is suing. Unum is the party responsible for processing the claims made under the Plan and making a final determination as to Plan participants' eligibility for LTD benefits.

7. At all times relevant to the claims asserted in this Complaint, Unum purported to act as an ERISA claims fiduciary with respect to participants of the plan, generally, and specifically, with respect to Mr. Luyben, within the meaning of ERISA.

8. The Plan under which Mr. Luyben is suing is a "long term disability plan" issued by Unum to AIDS Action Committee, Inc., a Massachusetts company with its principal place

of business at 131 Clarendon Street, Boston, Massachusetts. The Plan number is 00327778-0001.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

9. At the time he became disabled with Chronic Fatigue Syndrome ("CFS"), Mr. Luyben was an employee at AIDS Action in Boston, Massachusetts.

10. Mr. Luyben was employed as a Computer Operations Coordinator at AIDS Action from August 1993 through January 1995.

11. As an employee of AIDS Action, Mr. Luyben was entitled to LTD benefits, under a contract of insurance between AIDS Action and Unum. This benefit was available to Mr. Luyben after ninety days of employment at AIDS Action.

12. Unum both funds and administers the Plan under which Mr. Luyben is suing.

13. Under the terms of the Plan, AIDS Action does not have discretionary authority to determine a participant's eligibility for LTD benefits and to interpret the terms and provisions of the Plan.

14. Under the terms of the Plan, Unum does not have discretionary authority to determine a participant's eligibility for LTD benefits and to interpret the terms and provisions of the Plan.

15. Under the terms of the Plan, Mr. Luyben is entitled to receive 60% of his monthly earnings to a maximum benefit of $3,000 a month until he turns 65 years old.

16. Under the terms of the Plan, "Disability" and "disabled" are defined as follows:
    1. You cannot perform each of the material duties of your regular occupation; and

2. After benefits have been paid for 24 months, you cannot perform each of the material duties of any gainful occupation for which you are reasonably fitted by training, education or experience; or

3. You, while unable to perform all of the material duties of your regular occupation on a full-time basis, are:

   i. Performing at least one of the material duties of your regular occupation or another occupation or another occupation on a part-time or full-time basis; and

   ii. Earning currently at least 20% less per month than your indexed pre-disability earnings due to that same sickness or injury.

14. The Plan defines "Sickness" as "illness or disease."

15. The Plan further states that, "We will pay you as long as you remain disabled and require the regular attendance of a physician."

16. Except for the terms defined above, the Plan contains no other definition or explanation for the term "disability."

**Mr. Luyben's Claim for LTD Benefits**

17. Mr. Luyben has presented a timely claim to Unum, asserting that he is an insured person, that he became totally disabled while insured, and that he is entitled under the Plan to LTD benefits for the period of time beginning in April 16, 2001, when Unum wrongfully terminated his benefits, and continuing thereafter without interruption through to the present, and continuing in the future until he reaches the age of 65 or is no longer disabled.

**Diagnosis of CFS and Application for LTD Benefits**

18. Mr. Luyben first detected symptoms of CFS in October 1994.

19. Mr. Luyben's symptoms included, but were not limited to, debilitating fatigue, light-headedness, lack of endurance and energy, uncomfortable sensation in head, tingling, shallow breathing, accelerated pulse, loss of balance, diminished coordination, and overall flu-like symptoms.

20. Mr. Luyben continues to suffer from the debilitating symptoms of CFS to this day.

21. Mr. Luyben's doctors believed he was disabled and unable to continue the material duties of his employment as of October 1994.

22. On March 10, 1995, Mr. Luyben filed his application for LTD benefits with Unum.

23. On May 12, 1995, Unum approved Mr. Luyben's application for benefits.

24. Mr. Luyben received LTD benefits through Unum until April 16, 2001.

25. Mr. Luyben also currently receives Social Security Disability Income ("SSDI") benefits as a result of the debilitating symptoms he experiences due to CFS.

**Termination of LTD Benefits**

26. On April 16, 2001, Unum terminated Mr. Luyben's LTD benefits.

27. In denying Mr. Luyben's benefits, Unum claimed that Mr. Luyben lacked medical data to support his disability of CFS.

28. On July 11, 2001, Mr. Luyben submitted a timely appeal of Unum's denial of his ongoing claim for LTD benefits.

29. As a part of his appeal, Mr. Luyben submitted testimonial letters in support of his disability from his employer, friends, and roommates. Mr. Luyben also provided Unum

with a diary he maintained which documented his disability from 1997 through 2001. Further, Mr. Luyben provided Unum medical documentation including letters from Drs. Saul Cohen and Frederick Dekow supporting Mr. Luyben's disability and medical records confirming Mr. Luyben's diagnosis of CFS.

30. On October 30, 2001, Unum upheld its decision to deny Mr. Luyben's benefits, stating in pertinent part: "Mr. Luyben's current level of fatigue and decreased function as suggested by narrative letters and Mr. Luyben's diary persist only because of the factors that obscured appropriate reevaluation and treatment of his obstructive sleep apnea." Unum further stated that, ". . . with appropriate treatment of his obstructive sleep apnea, and a period of conditioning, Mr. Luyben would eventually have capacity for full time light work."

31. Mr. Luyben remains disabled to this day as a result of the debilitating symptoms of CFS.

32. Mr. Luyben has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

33. Unum failed to provide Mr. Luyben with a full and fair review of his claim for benefits.

34. Any discretion to which Unum may claim it is entitled under the Plan is negated by its failure to provide Mr. Luyben with an explanation as to its adverse action and a full and fair review of his claim for benefits.

35. Unum has failed to meet its burden of establishing that Mr. Luyben's condition had changed to such a degree that he was no longer totally disabled under the terms of the Plan.

36. The self-serving nature of Unum's decision that Mr. Luyben is no longer disabled is

illuminated by the fact that Mr. Luyben's condition has not changed, but in fact, has only worsened, since Unum first accepted liability on his claim for benefits.

37. The decision to deny Mr. Luyben's benefits was wrongful, unreasonable, irrational, solely contrary to the substantial evidence, contrary to the terms of the Plan and contrary to law.

38. Unum was influenced by its financial conflict of interest, as both the administrator of the plan and the payor of benefits thereunder, when it denied Mr. Luyben's benefits.

39. Due to the unlawful denial of benefits under ERISA, Mr. Luyben has lost his rightful long-term disability benefits.

40. Mr. Luyben has also suffered emotional distress and an exacerbation of his physical condition as a result of Unum's actions.

41. Due to the unlawful denial of benefits under ERISA, Mr. Luyben has also lost the use of his long-term disability benefits.

42. Having exhausted the administrative procedures provided by Unum, Mr. Luyben now brings this action.

### FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan
### Action for Unpaid Benefits)
### (ALL DEFENDANTS)

43. Mr. Luyben realleges each of the paragraphs above as if fully set forth herein.

44. The Plan is a contract.

45. Mr. Luyben has performed all of his obligations under the contract.

46. 29 U.S.C. § 1132(a)(1)(B) states that:

A civil action may be brought ---

    (1) by a participant or beneficiary –

        (A) for the relief provided for in subsection (c) of this section, or

        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

47. The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

48. The Defendants unlawfully denied Mr. Luyben's benefits in part by: (1) rejecting, without any basis, the substantial evidence supporting Mr. Luyben's claim for disability ; and (2) denying Mr. Luyben a full and fair review of their decision to deny his benefits.

49. In accordance with 29 U.S.C. §1132, Mr. Luyben is entitled to be paid benefits under the Plan based upon his disabled status from and after April 2001, and continuing into the present.

50. The Defendants have refused to provide Mr. Luyben with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

51. As a direct and proximate result of this breach, Mr. Luyben has lost the principal and the use of his rightful LTD benefits.

### SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

52. Mr. Luyben realleges each of the paragraphs above as if fully set forth herein.

53. Under the standards applicable to ERISA, Mr. Luyben deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

54. The Defendants have the ability to satisfy the award.

55. Mr. Luyben's conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

56. The Defendants acted in bad faith in denying Mr. Luyben's benefits under the Plan.

57. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Mr. Luyben is entitled to ongoing LTD benefits as calculated under the terms of the Plan.

(2) Award Mr. Luyben the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-judgment interest as may be allowed by law.

(3) Order that the Defendants make restitution to Mr. Luyben in the amount of any losses sustained by Mr. Luyben in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4) Award Mr. Luyben the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.

Respectfully submitted for the Plaintiff,

By: _____
Mala M. Rafik
BBO No. 638075
ROSENFELD & RAFIK, P.C.
44 School Street, Suite 410
Boston, MA 02108
617-723-7470